IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60483
Conference Calendar

_____

WILLIAM KOHL,

                                    Plaintiff-Appellant,

versus

CITY OF MOSS POINT, MISSISSIPPI;
SCOTT CLAYTON, in his individual and
official capacity,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:97-CV-633-GR
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

William Kohl (Kohl) appeals the district court's summary judgment in favor of Scott Clayton, a police officer with the Moss Point, Mississippi, Police Department and the City of Moss Point, Mississippi.  Kohl alleged various federal and state law claims against Clayton and the City of Moss Point, including a claim under 42 U.S.C. § 1983.  This court reviews a grant of summary judgment *de novo*.  Al-Ra'id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995).

_____

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Kohl's appeal consists only of general arguments regarding the standard of review for a grant of summary judgment. Kohl does not challenge the district court's reasons for granting summary judgment or cite specific errors by the district court. Because Kohl fails to identify any factual or legal error in the district court's opinion, he has failed to brief this issue for appeal adequately. Fed. R. App. P. 28(a)(9); Brinkman v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987); Al-Ra'id, 69 F.3d at 31.

Kohl also argues that the district court erred in finding that his complaint did not satisfy the "heightened pleading" requirement. This argument is moot as the district court specifically concluded that his affidavit satisfied this requirement.

This appeal is without arguable merit and is frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is DISMISSED. 5th Cir. R. 42.2.